## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND
### (Greenbelt Division)

---

JULIO E. CISNEROS RIVERA
8623 Oakleigh Road
Parkville, MD 21234
(Baltimore County)

       Plaintiff, on behalf of
       himself and all similarly
       situated individuals,

v.

ANGELA DIXSON
a/k/a ANGELA GITELSON
500 Peonies Terrace
Rockville, MD 20850
(Montgomery County)

EXTRA CLEAN, INC.
11777 Parklawn Drive, Suite 100
Rockville, MD 20853
(Montgomery County)

      <u>Serve:</u>
      Angela Dixson
      500 Peonies Terrace
      Rockville, MD 20850

      Defendants.

---

Civil Action No. _____

## **COMPLAINT**

## **Introduction**

1.     Plaintiff and similarly situated individuals worked at a cleaning company owned and operated by the Defendants. Defendants did not pay plaintiff and similarly situated individuals for all the hours that they worked, and defendants did not pay plaintiff and similarly situated

individuals one and one half times their regular rate of pay for hours worked in excess of 40 in any one workweek.

2.      Plaintiff brings this action to recover damages for defendants' willful failure to pay regular wages and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code., Lab. & Empl. Art., § 3-501 *et seq.*

3.      Plaintiff brings his FLSA claim as a "collective action" pursuant to 29 U.S.C. § 216(b). Plaintiff brings his MWPCL claim as a traditional class action pursuant to Fed. R. Civ. P. 23.

### Jurisdiction and Venue

4.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because the defendants reside in this district and division, and a substantial part of the acts or omissions giving rise to plaintiff's claims occurred in this district and division.

### Parties

6.      Plaintiff is an adult resident of Baltimore County, Maryland.

7.      Defendant Angela Dixson (a/k/a Angela Gitelson) is an adult resident of Montgomery County, Maryland.

8.      Defendant Angela Dixson is the president and owner of Defendant Extra Clean, Inc.

9.      Defendant Extra Clean is a Maryland corporation. Its principal place of business is in Montgomery County at: 11777 Parklawn Drive, Suite 100, Rockville, MD 20853. Its resident agent for service of process is defendant Angela Dixson.

10.     At all relevant times, defendants employed at least two people.

11.     At all relevant times, defendants had an annual dollar volume of sales or business done of at least $500,000.00.

12.     At all relevant times, plaintiff and similarly situated individuals were engaged in commerce or in the production of goods for commerce

13.     At all relevant times, and with respect to plaintiff and similarly situated individuals, Angela Dixson had and exercised both actual and apparent authority to: hire and fire, direct and supervise work, and bind and set wage and hour policies.

14.     Specifically: at all relevant times, Angela Dixson was solely responsible for setting the wage and hour policies at Extra Clean.

15.     At all relevant times, defendants were employers of plaintiff and similarly situated individuals within the meaning of the FLSA and the MWPCL.

16.     At all relevant times, plaintiff and similarly situated individuals were employees of defendants within the meaning of the FLSA and the MWPCL.

17.     At all relevant times, defendants were joint employers of plaintiff and similarly situated individuals within the meaning of 29 C.F.R. § 791.2 and the corresponding regulations and case law under the MWPCL.

18.     At all relevant times, defendants were aware that they were legally required to pay plaintiff and similarly situated individuals their promised wages for all hours worked.

19.     At all relevant times, defendants were aware that they were legally required to pay plaintiff and similarly situated individuals one and one half times their regular hourly wage for all hours worked in excess of 40 hours in any one workweek.

**Factual Allegations**

20.     Defendants operate a cleaning business that focuses on window cleaning and cleaning construction sites.

21.     Plaintiff worked for defendants as a window cleaner, primarily on commercial buildings.

22.     Plaintiff worked primarily in Maryland.

23.     Plaintiff was hired by defendants on or about March 5, 2012.

24.     Defendants agreed to pay plaintiff $18.66 per hour, or $140 per day for a standard 9-to-5 work day (with a half-hour lunch break).

25.     Starting approximately May 10, 2012, defendants raised plaintiff's rate of pay to $20 per hour, or $150 per day for a standard 9-to-5 work day (with a half-hour lunch break).

26.     Plaintiff worked for defendants from approximately March 11, 2012 through approximately May 21, 2014. Plaintiff took a leave of absence from approximately January 10, 2013 through approximately March 6, 2013, and another leave of absence from approximately September 26, 2013 through January 29, 2014.

27.     Since at least May 10, 2012, plaintiff's duties included driving a van owned by Defendants to pick up other employees of defendants at the beginning of each work day, and to drop off these employees at the end of each work day.

28.     Defendants did not pay plaintiff for the hours that he spent each day picking up and dropping off employees; rather, defendants only paid plaintiff from the time he arrived at the first worksite of the day until the time when he left the last worksite of the day.

29.     Similarly, defendants did not pay other employees for the time they spent in defendants' company van during the process of picking up and dropping off other employees.

30.     Plaintiff worked an average of approximately 5.5 days per week for defendants.

31.     Plaintiff worked an average of approximately 48 hours per week for defendants.

32.     Defendants paid plaintiff the same rate across all hours worked.

33.     In other words, defendants did not pay plaintiff overtime, or one and one half times his regular rate for all hours worked over 40 in any one workweek.

34.     Plaintiff estimates that over the course of his employment he worked approximately 762 wholly uncompensated hours.

35.     Plaintiff estimates that over the course of his employment he worked approximately 586 hours of overtime for which he was paid at his regular rate.

36.     For his regular and overtime hours, Plaintiff estimates that defendants owe him approximately $21,447.50.

37.     At all relevant times, defendants did not maintain true and accurate records of each hour, day, and week worked by plaintiff — or of how much plaintiff was paid for his work. Accordingly, the exact amount of hours worked by and wages owed to plaintiff will only be known through discovery.

38.     On at least two occasions, plaintiff complained to defendant Angela Dixson regarding defendants' failure to pay him for all hours worked and defendants' failure to pay him overtime wages.

### Collective Action Allegations

39.     This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. §216(b).

40.     Plaintiff brings his FLSA claims on his own behalf, and on behalf of: all past and present non-exempt employees of defendants who were not paid one and one-half their regular rate of pay for those hours worked in excess of forty in any one workweek.

41.     On information and belief, there are approximately 150 past and present non-exempt

employees of defendants who are similarly situated to plaintiff in that they were working as

cleaners who were not paid overtime.

42.     On information and belief, defendants owe plaintiff and similarly situated individuals

approximately $1,500,000.00 in overtime and liquidated damages, pursuant to the FLSA.

### Class Action Allegations

43.     This action is maintainable as an "opt-out" class action pursuant to Federal Rule of Civil

Procedure 23.

44.     Plaintiff brings his MWPCL claims on his own behalf, and on behalf of: all past and

present employees of defendants who worked as cleaners in Maryland, and who (1) were not

promptly paid their promised wages for all hours worked, or who (2) were not promptly paid one

and one half times their regular rate of pay for those hours worked in excess of forty in any one

workweek.

45.     On information and belief, there are approximately 150 past and present employees of

defendants who are similarly situated to plaintiff in that they were cleaners who were not

promptly paid for all hours worked or who were not promptly paid overtime wages,

46.     On information and belief, defendants owe plaintiff and similarly situated individuals

approximately $5,000,000.00 in unpaid wages and damages, pursuant to the MWPCL.

### COUNT I
### FAILURE TO OVERTIME WAGES UNDER THE FLSA
### (29 U.S.C. § 201 *et seq.*)

47.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

48.     Plaintiff and similarly situated individuals were "employees" of defendants within the

meaning the FLSA, 29 U.S.C. § 203(e)(1).

49.     Plaintiff and similarly situated individuals were "non-exempt" employees of defendants within the meaning of the FLSA, 29 U.S.C. § 213.

50.     Defendants were "employers" of plaintiff and similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 203(d).

51.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

52.     Defendants violated the FLSA by knowingly failing to pay plaintiff and similarly situated individuals one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

53.     Defendants' violations of the FLSA were willful.

54.     For their violations of the FLSA, defendants are liable to plaintiff and similarly situated individuals for unpaid overtime compensation, plus an equal amount as liquidated damages, plus interest, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

**<u>COUNT II</u>**
**FAILURE TO PAY WAGES DUE UNDER THE MWPCL**
**(Md. Code, Lab. & Empl. Art. § 3-501 *et seq*.)**

55.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

56.     Defendants were "employers" of plaintiff and similarly situated individuals within the meaning of the MWPCL, Md. Code, Lab. & Empl. Art. § 3-501(b).

57.     The MWPCL requires employers to promptly pay employees their wages, or "all compensation that is due to an employee for employment." Md. Code, Lab. & Empl. Art. § 3-501(c)(1).

7

58.     The MWPCL defines "wage" to include "overtime wages." Md. Code, Lab. & Empl. Art. § 3-501(c)(2).

59.     Defendants violated the MWPCL by knowingly failing to promptly pay plaintiff and similarly situated individuals their promised wages for all hours worked.

60.     Defendants violated the MWPCL by knowingly failing to promptly pay plaintiff and similarly situated individuals their overtime compensation.

61.     Defendants' violations of the MWPCL were willful.

62.     For their violations of the MWPCL, defendants are liable to plaintiff and similarly situated individuals for unpaid regular and overtime wages, plus an equal amount to three times the unpaid wages as liquidated damages, plus interest, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter judgment against all defendants, jointly and severally, in plaintiff's favor on all counts, and grant the following relief:

a.     Award plaintiff and similarly situated individuals damages consisting of:

    i.     unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216; and

    ii.     unpaid regular and overtime wages, plus an amount equal to three times the amount of unpaid wages as liquidated damages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art. § 3-507.2;

b.     Award plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

c.     Award plaintiff court costs;

d.      Award plaintiff prejudgment and postjudgment interest as permitted by law; and

e.      Award any additional relief the Court deems just.


Date: September 12, 2014                    Respectfully submitted,

                                            /s/Justin Zelikovitz
                                            Justin Zelikovitz (#17567)
                                            Law Office of Justin Zelikovitz PLLC
                                            519 H Street, Second Floor
                                            Washington, DC 20001
                                            T: (202) 803-6083
                                            F: (202) 683-6102
                                            justin@dcwagelaw.com

                                            *Counsel for Plaintiff*