## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### Southern Division

JULIO E. CISNEROS RIVERA,

     Plaintiff,

     v.

ANGELA DIXSON and
EXTRA CLEAN, INC.,

     Defendants.

Civil Action No. TDC-14-2901

## MEMORANDUM OPINION

Pending before the Court is the parties' Joint Motion for Approval of FLSA Settlement. ECF No. 20. The parties assert that the Court should approve their agreed-upon settlement, consisting of back wages and attorney's fees, resolving the allegations in the Complaint arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (2012). The Court has reviewed the Motion and held a hearing by telephone on January 28, 2015. *See* ECF No. 37. For the reasons set forth below, the Motion is GRANTED and the settlement is APPROVED.

### BACKGROUND

On September 12, 2014, Plaintiff Julio E. Cisneros Rivera ("Cisneros Rivera") filed a Complaint against Defendants Angela Dixson ("Dixson") and Extra Clean, Inc., a cleaning company of which Dixson is the president and owner, alleging that he had not received certain wages and overtime pay (one and one-half times his hourly rate) for hours worked in excess of 40 hours per week, in violation of FLSA. Compl. ¶¶ 2, 8-9, ECF No. 1. In general, Cisneros Rivera alleged that he was not paid regular wages or overtime for time periods during which he

was driving a company van to pick up co-workers and transport them to work, and that he was not paid overtime for certain other periods of work.  Compl. ¶¶ 27-28, 33.  Cisneros Rivera alleged that he was owed approximately $21,447.50 in unpaid regular and overtime hours. *Id.* ¶ 36.

Following an Initial Status Conference on November 20, 2014, discovery commenced. On January 12, 2015, the parties filed a Joint Motion for Approval of FLSA Settlement in which they reported that the parties had reached an agreement that in exchange for a complete dismissal of the case:

1.  Defendants will pay Cisneros Rivera $6,000; and

2.  Defendants will pay $9,000 to Plaintiff's counsel for attorney's fees and costs.

Joint Mot. Approval Settlement, Ex. 2, ECF No. 20-2.

## DISCUSSION

### I.    Legal Standard

Congress enacted the FLSA to protect workers from substandard wages and oppressive working hours. *Barrentine v. Ark.-Best Freight Sys.*, 450 U.S. 728, 739 (1981).  Because of the significant inequalities in bargaining power between employers and employees, the statute's provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  A court-approved stipulated judgment or settlement is an exception to that rule. *See D. A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  Such a settlement may be approved provided that it reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by

2

an employer's overreaching." *Lynn's Food Stores,* 679 F.2d at 1354; *accord Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013).

Although the United States Court of Appeals for the Fourth Circuit has not specifically identified the factors to be considered in approving FLSA settlements, district courts in this circuit typically employ the considerations set forth by the United States Court of Appeals for the Eleventh Circuit in *Lynn's Food Stores. See, e.g., Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010); *see also Saman*, 2013 WL 2949047, at *3; *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010). An FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores,* 679 F.2d at 1355. The analysis includes consideration of (1) whether there are FLSA issues actually in dispute; (2) the fairness and reasonableness of the settlement; and (3) the reasonableness of the attorney's fees, if included in the agreement. *Saman*, 2013 WL 2949047, at *3. These factors are most likely to be satisfied where there is an "assurance of an adversarial context" and the employees are "represented by an attorney who can protect their rights under the statute." *Lynn's Food Stores*, 679 F.2d at 1354.

## II.     FLSA Settlement

### A. *Bona Fide* Dispute

The first step in analyzing the settlement agreement is determining whether there are FLSA issues that are "actually in dispute." *Saman*, 2013 WL 2949047 at *3. In the Joint Motion for Approval of FLSA Settlement, the parties state that "[b]oth parties disagree, as a matter of fact, over the amount of time actually involved in driving, and both parties differ over whether the driving (travel) is legally compensable." Joint Mot. at 7 (parentheses in original). Specifically, Defendants take the position that this case is governed by the Portal-to-Portal Act,

3

29 U.S.C. §§ 251-262, which provides that employers are not liable for overtime under the FLSA for "walking, riding, or traveling to and from the actual place of performance" of the employee's work, and that "the use of an employer's vehicle for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting shall not be considered part of the employee's principal activities." *Id.* § 254(a). Cisneros Rivera takes the position that as a supervisor, it was part of his duties to transport his work crew, such that the Portal-to-Portal Act does not apply.

Moreover, the parties report that there are no exact records on the time Cisneros Rivera spent driving co-workers, so the amount of overtime compensation at issue is a matter of dispute. Joint Mot. at 4. The parties also disagree on whether any violation was willful, which would need to be established in order to allow for recovery of back overtime pay arising more than two years before the date of the Complaint, because there is a three-year statute of limitations on willful violations of FLSA and only a two-year statute of limitations on other violations of FLSA. *See* 29 U.S.C. § 255(a).

Thus, there are genuine disputes that support the concept of a negotiated settlement of this FLSA claim.

### B. Fairness and Reasonableness

In assessing the fairness and reasonableness of the settlement agreement, the following factors should be considered: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman*, 2013 WL 2949047, at \*3 (quoting *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955, at \*10 (E.D. Va. Sept. 28, 2009)); *see also Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09–cv–00058, 2010 WL 1813497, at \*1 n.1 (W.D. Va. May 5, 2010).  Upon consideration of the settlement agreement and the underlying facts, the Court finds that this agreement is fair and reasonable.

The primary factor supporting this conclusion is the probability of Plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.  Under the proposed settlement, Cisneros Rivera would receive $6,000.  According to Plaintiff's counsel, although he initially took an aggressive posture in the Complaint, seeking $21,447.50, after consideration of all information now available to him, and applying assumptions that could reasonably be accepted in this case, he calculates the amount of unpaid overtime owed to Cisneros Rivera as $4,567.44.  Joint Mot. at 10; Hearing on Joint Mot. Approve Settlement, *Cisneros Rivera v. Dixson*, No. 14-cv-2901-TDC, at 03:05:36 p.m. (D. Md. Jan. 28, 2015).  Under FLSA, liquidated damages consist of 100 percent of back pay, 29 U.S.C. § 216(b) (stating that liability for unpaid overtime compensation includes "an additional equal amount as liquidated damages"), so Cisneros Rivera's potential recovery would be $9,134.88.  Moreover, because Cisneros Rivera alleged a violation of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3–501 to 509 (West 2014), he potentially could receive treble damages.  *See id.* § 3–507.2(b).  Thus, his overall potential recovery would be approximately $13,702.32.  Accordingly, the settlement provides Cisneros Rivera with 66 percent of his potential recovery under FLSA, and 44 percent of his potential recovery under

MWPCL.[1]  Given the bona fide disputes at issue in this case, *see supra* Part II.A., the Court finds that this settlement for a substantial percentage of the potential recovery is fair and reasonable.

The other five factors also support a finding of a fair and reasonable settlement.  The settlement was negotiated after discovery, which included the provision of company records and Cisneros Rivera's deposition, which provided sufficient information to allow for consideration of factual and legal issues relevant to a possible settlement.  Joint Mot. at 8-9; Affidavit of Justin Zelikovitz ("Aff.") ¶ 3, ECF No. 20-1.  With the potential for dispositive motions and trial, settlement at this time is reasonable to avoid additional litigation costs.  Joint Mot. at 9.  The agreement was negotiated by experienced counsel and included consideration of the information and documents exchanged among counsel.  Joint Mot. at 9-10; Aff. ¶ 3. Counsel for both parties have recommended this settlement to their clients.  Joint Mot. at 10.  Finally, there is no evidence of fraud or collusion in the settlement.  *See Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955, at *12 (E.D. Va. Sept. 28, 2009) ("There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary.").  Thus, the Court finds the settlement to be fair and reasonable.

### C. Attorney's Fees

If the proposed settlement includes a provision for payment of attorney's fees, the reasonableness of the award must also "be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Saman*, 2013 WL 2949047, at *3 (quoting *Lane v. Ko–Me, LLC*, No. 10-2261, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011)).  In this case, the parties negotiated

---

[1] In the absence of a finding of willfulness, the statute of limitations would bar recovery of any unpaid overtime wages dating from more than two years before the filing of the Complaint. *See* 29 U.S.C. § 255(a).

attorney's fees separately from the amount to be paid to Plaintiffs and agreed on an amount of $9,000. Joint Mot., Ex. 2. To assess this amount, the Court applies the traditional lodestar methodology factors, beginning with a lodestar calculation defined as the number of hours "reasonably expended" by counsel multiplied by a "reasonable hourly rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009); *Saman*, 2013 WL 2949047, at \*6. An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984). In Appendix B to the Local Rules of the United States District Court for the District of Maryland,[2] this Court has established rates that are presumptively reasonable for lodestar calculations. *See, e.g.*, *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000).

Plaintiff's counsel represents that he expended approximately 34.6 hours on this case, had paralegal assistance comprising 23.2 hours, and incurred $603.78 in costs. The Court has reviewed the summary of billed work and costs and finds it to be reasonable. Plaintiff's counsel further represents that his billing rate is $225 per hour and his paralegal's billing rate is $125 per hour, which are within the ranges set by this Court for an attorney of his experience, consisting of six years as a member of the Court of Appeals of Maryland, and a paralegal. Aff. ¶ 5; *see* Local Rules, App. B (D. Md. 2014) (setting a range of $165-300 per hour for attorneys with 5-8 years of experience and range of $95-150 per hour for paralegal work). Thus, Plaintiff's counsel's total fees and costs would be $11,288.78. Based on these calculations, the proposed settlement figure of $9,000 for attorney's fees and costs is deemed to be fair and reasonable.

---

[2] *Available at* http://www.mdd.uscourts.gov/localrules/LocalRules.pdf.

## CONCLUSION

For the foregoing reasons, the Joint Motion for Approval of Settlement, ECF No. 20, is GRANTED. A separate Order follows.

Date: January 29, 2015

THEODORE D. CHUANG
United States District Judge